FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAR 1 4 2011

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

PERNELL BOSHA                                                          PLAINTIFF

V.                                  Case No. 4:11-CV-0233SWW

This case assigned to District Judge Wright
and to Magistrate Judge Deathey

CAREY G. BACHELOR and
WERNER ENTERPRISES, INC.                              DEFENDANTS

## COMPLAINT

Comes the Plaintiff, Pernell Bosha, by and through his attorneys, The Boswell Law Firm and Frank S. Buck, P.C., and for his Complaint against the above-captioned Defendants, states:

### I. PARTIES, JURISDICTION, & VENUE

1.     This is a tort action alleging negligence and bodily injuries, predicated upon this Court's jurisdiction to hear claims involving citizens of different states, pursuant to 28 U.S.C. § 1332(a)(1). Complete diversity of citizenship exists as to the parties herein. Venue is proper, pursuant to 28 U.S.C. § 1391(a)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

2.     Plaintiff, Pernell Bosha, resides at 1237 Five Mile Road, Birmingham, AL 35215.

3.     Separate Defendant, Carey G. Bachelor, upon information and belief, resides, and has resided at all times pertinent hereto, at either of the following addresses: 1950 N. Avalon, Apt. #27, West Memphis, AR 72301, or, 535 Par Drive #10, Marion, AR 72864.

4.     Separate Defendant, Werner Enterprises, Inc., ("Werner Enterprises"), upon information and belief, is a foreign corporation with its principal place of business at 14507 Frontier Rd., Omaha, Nebraska 68145. The Registered Office Address for Werner Enterprises is National

Registered Agents, Inc. of Arkansas, 455 West Maurice St., Hot Springs, AR 7101. Because Werner Enterprises was doing business in the State of Arkansas at the time of this accident, this Court has jurisdiction over its person.

## II. STATEMENT OF FACTS

5. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 4 hereinabove.

6. On November 7, 2008, Carey Bachelor was operating a commercial tractor-trailer rig in the eastbound lane of Interstate 40 in St. Francis County, Arkansas. While traveling on the public highway, Mr. Bachelor lost control of his tractor trailer rig. Specifically, his wheel drifted to the left, and he overcompensated by turning the wheel too far to the right. As a result, his tractor-trailer rig overturned, was lying on its side, and was blocking the roadway and obstructing traffic.

7. Pernell Bosha, who was operating a 1996 Chevrolet Tahoe in the eastbound lane of Interstate 40 in St. Francis County, Arkansas, applied his brakes in an attempt to avoid collision with the overturned tractor trailer. Mr. Bosha's vehicle violently struck (head-on) the side of the overturned trailer.

8. As a direct and proximate result of this accident, Mr. Bosha suffered immediate injuries to his right knee, left leg, and chest. He was taken to the emergency room in Forrest City. Shortly after the accident, Mr. Bosha began experiencing pain to his neck and back. He has also suffered from frequent headaches and continued discomfort in his right leg and right rib cage. He also lost work time due to his need to attend doctor's visits and physical therapy visits and to recover from his injuries. He has experienced pain, suffering, mental anguish, and all damages specified below.

### III. NEGLIGENCE OF CAREY G. BACHELOR

9. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 8 hereinabove.

10. Plaintiff respectfully submits that the negligence of Separate Defendant, Carey G. Bachelor, was a proximate cause of the accident mentioned above. This negligence consisted of, but was not limited to, the following:

   A. Failure to keep a proper lookout for other drivers on the road;

   B. Failure to prevent his tractor-trailer rig from being overturned in such a manner as to constitute an immediate danger to other motorists on the highway;

   C. Failure to prevent his tractor-trailer rig from impeding the flow of traffic on the highway;

   D. Failure to activate signal flashers or other appropriate warning devices alerting motorists of his presence;

   E. Failure to maintain control of his tractor-trailer rig;

   F. Failure to maintain a speed on the highway that was reasonable and safe under the circumstances;

   G. Failure to use reasonable and ordinary care under the circumstances; and

   H. Any other act/omission constituting negligence on his part as the proof in this cause may bear out; all of which are against the laws of the State of Arkansas.

### IV. IMPUTATION OF LIABILITY TO WERNER ENTERPRISES

11. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 10 hereinabove.

12. Plaintiff respectfully submits that, at the time of this accident, Bachelor was acting in the course and scope of his employment with Werner Enterprises. Accordingly, any negligence on the part of Bachelor which was a proximate cause of the damages prayed herein is imputed as a matter of law to Werner Enterprises.

## V. DAMAGES

13. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 12 hereinabove.

14. As a direct and proximate result of the liability of the Defendants, Plaintiff has incurred the following damages, for which he should be compensated:

(a) He has experienced, and will continue to experience, pain, suffering and mental anguish in connection with this injury;

(b) He has incurred, and will continue to incur: medical, chiropractic, physical therapy, and pharmacy bills;

(c) He has lost income;

(d) He has suffered a loss in future income, or alternatively, a loss in future earning capacity;

(e) He has suffered a permanent and debilitating injury to the body as a whole, due to his chronic neck and back pain emanating from this accident;

(f) He has suffered an aggravation of any pre-existing degenerative condition;

(g) He has suffered scarring, disfigurement, and the visible signs of injury;

(h) He has suffered any and all other elements of damage as compensable under Arkansas law as the proof in this cause may bear out.

15. For all of the damages alleged in the preceding paragraph, Pernell Bosha is entitled to recover from the Defendants a sum in excess of that required to invoke federal court jurisdiction in diversity of citizenship cases.

## VI. JURY DEMAND

16. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 15 hereinabove.

17. Plaintiff invokes his right to a trial by jury pursuant to Amendment VII of the United States Constitution.

**WHEREFORE**, Plaintiff, Pernell Bosha, prays that he be awarded damages against the Defendants, Carey G. Bachelor and Werner Enterprises, Inc., jointly and severally, in an amount in excess of that required to invoke federal court jurisdiction in diversity of citizenship cases; for a trial by jury; for his costs expended herein; for pre-judgment interest on any amount reasonably ascertainable at the time of loss; for post-judgment interest; and for any and all just and proper relief to which he may be entitled.

Respectfully submitted,

THE BOSWELL LAW FIRM

BY: _____
Ted Boswell, AR Bar #58003
John Andrew Ellis, AR Bar #99012
Post Office Box 798
Bryant, AR 72089-0798
(501) 847-3031
Fax (501) 847-4354

AND

        Frank S. Buck, ASB-7531-C60F
        Rachel Catherine Buck, ASB-5931-L46B
        FRANK S. BUCK, P.C.
        Attorney at Law
        Post Office Box 55089
        2160 Fourteenth Avenue South
        Birmingham, AL 35255-5089
        (205) 933-7533
        (205) 933-7545 (facsimile)
        (*Pro Hac Vice* Applications Forthcoming)

**ATTORNEYS FOR PLAINTIFF**