IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| PERNELL BOSHA | * | |
|     Plaintiff | * | |
| | * | |
| V. | * | |
| | * | |
| CAREY G. BACHELOR and WERNER | * | NO: 4:11CV00233 SWW |
| ENTERPRISES, INC. | * | |
| | * | |
|     Defendants | * | |

**ORDER**

Pernell Bosha ("Bosha") brings this personal injury action against Carey G. Bachelor ("Bachelor") and Werner Enterprises, Inc. ("Werner"). Before the Court is Bosha's motion to compel discovery responses from separate defendant Werner (docket entry #13), Werner's response in opposition (docket entry #15), and Bosha's reply (docket entry #16). After careful consideration, and for reasons that follow, the motion to compel will be denied.

Bosha alleges that on November 7, 2008, Bachelor negligently operated a tractor trailer, causing it to overturn on Interstate 40 in St. Francis County, Arkansas. According to the complaint allegations, Bosha was operating a vehicle on the same roadway, and his vehicle struck the overturned trailer, causing him to suffer physical injuries.

Bosha charges that Bachelor's negligence was a proximate cause of his injuries. He also charges that Bachelor was acting in the course and scope of his employment with Werner at the time of the accident and that Bachelor's negligence is therefore imputed to Werner. Bosha seeks compensatory damages for pain, suffering, mental anguish, medical bills, and lost income.

The case is before the Court on Bosha's motion to compel separate defendant Werner to

fully answer Plaintiff's Interrogatory No. 18. The interrogatory and Werner's response follow.

> **INTERROGATORY NO. 18**: Please state whether Defendants have ever been sued for damages emanating from a motor vehicle accident. If so, please specify the style, venue, and disposition of any such lawsuit.
>
> **ANSWER**: Yes. Defendant objects to the remainder of this interrogatory as being overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Werner objects on grounds that the information sought is not relevant to a disputed issue in this case and is not reasonably limited in time or scope. Werner, founded in 1956, reports that it is among the largest truckload carriers in the United States, and it provides transportation services throughout the world. According to information available on the Federal Motor Carrier Safety Act's website, Werner has been involved in more than 1,000 accidents in the past two years. Werner asserts: "Even if only a very small percentage of the accidents ever resulted in litigation, when those numbers are multiplied by the fifty-five (55) years Werner has been in existence, the over breadth and burdensomeness of Plaintiff's request becomes clear." Docket entry #15, at 3.

The Federal Rules of Civil Procedure permit discovery of "any nonprivileged matter that is relevant to any party's claim or defense . . . . " Fed. R. Civ. P. 26(b)(1). "For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C), which provides that the court must limit the extent of discovery otherwise allowed if it determines that "the burden or expense of the proposed discovery outweighs its likely benefit . . . " Fed. R. Civ. P. 26(b)(2)(C).

In support of his motion, Bosha argues that information about previous lawsuits could lead to evidence that Bachelor "may have violated policies and procedures that were the subject of previous lawsuits involving other drivers, which would call the company's training and supervision into question." Docket entry #14, at 2. Bosha further argues that Werner "may have been sued for accidents involving overturned tractor trailers, which could call into question the regularity and policies governing fleet maintenance." *Id*.

Bosha sues Werner under a theory of imputed liability, not direct negligence; thus it is far from clear that evidence regarding Werner's training and supervision of employees in general and the regularity of Werner's fleet maintenance is relevant to show Bachelor's negligence or whether he was acting within the scope of his employment at the time of the accident. Additionally, other lawsuits against Werner seem an unlikely source for information concerning Bachelor's conduct. In sum, the Court finds that the burden of producing the "style, venue, and disposition" of all lawsuits against Werner emanating from a motor vehicle accident outweighs any potential benefit such discovery may have.

IT IS THEREFORE ORDERED that Plaintiff's motion to compel (docket entry #13) is DENIED.

IT IS SO ORDERED THIS 13TH  DAY OF OCTOBER, 2011.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE